IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HAKIM KAMAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 3:07-CV-372 |
| | ) |
| ED BUSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. For the reasons set forth below, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Plaintiff, Hakim Kamau, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Kamau alleges that Defendants opened one piece of legal mail outside of his presence. He alleges that it contained a cassette tape which was produced as discovery in an unrelated civil lawsuit in the Southern District of Indiana, *Kamau v. Gullings*, 1:06-cv-1614 (S.D. Ind. filed November 6, 2006). He alleges that when the envelope was scanned, the tape was erased. Additionally, he attaches a copy of the envelope from opposing counsel in that case showing that it was mailed by Stephenson, Morrow & Semler. This envelope shows no markings indicating that it is a confidential attorney-client communication. He also attaches

a notice showing that the cassette tape was confiscated because it was prohibited property in the prison.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.  Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

> defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

<u>Legal Mail</u>

First, Kamau is incorrect in his characterization of this package as legal mail. Though it was clearly mail and though it was certainly related to his lawsuit, it was not "legal mail." The term "legal mail" is a confusing term of art. The purpose of preventing

prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that prison officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel.

> We think it entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment. It would also certainly be permissible that prison authorities require that a lawyer desiring to correspond with a prisoner, first identify himself and his client to the prison officials, to assure that the letters marked privileged are actually from members of the bar. As to the ability to open the mail in the presence of inmates, this could in no way constitute censorship, since the mail would not be read. Neither could it chill such communications, since the inmate's presence insures that prison officials will not read the mail. The possibility that contraband will be enclosed in letters, even those from apparent attorneys, surely warrants prison officials' opening the letters.

*Wolff v. McDonnell*, 418 U.S. 539, 576-577 (1974). *See also Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005)("[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.")

Here, the mail is not labeled confidential nor is it from Kamau's attorney. Rather it is discovery produced by opposing counsel. This material is not subject to attorney-client privilege and need not have been opened in his presence. Such mail is no

different than this Court order which is also not "legal mail." This order is entered in the public record and can be read by anyone. It is not confidential and Kamau suffers no injury if prison officials read it.

Furthermore, this package contained contraband. Even if it had been opened in front of him and even if it had been from his own attorney and even if it was confidential, it could have been confiscated nevertheless. Cassette tapes are prohibited in the prison, therefore Kamau could not possess the tape in prison.[1] Also, even if all of these same conditions had been true (which they are not), a single isolated instance of opening legal mail would not give rise to liability.

> While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail.

*Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) (Citations and quotation marks omitted)

Finally, Kamau argues that the way this package was handled

---

[1] To the extent that he needs the tape as a part of his other lawsuit, several options exist which do not require him to retain possession of it in his property at the prison. He could explore these with that court, prison officials, and defense counsel. He might be able to listen to the tape, either while directly supervised by guards or over the phone. He might be able to obtain a transcript of the tape or make notes when he listened to it. Defense counsel or the court might be able to hold a copy of the tape if it is needed as evidence. Perhaps there are other options as well, but it is not for this court to resolve these questions. Rather they are noted here solely to indicate that the defendants confiscation of the tape and the rule prohibiting him from having it do not prevent him from having access to the courts nor from prosecuting his lawsuit in the Southern District of Indiana.

violated prison policies. Even if true, this creates no liability under section 1983 because only the violation of a federal right is actionable. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)

Loss of Property

Kamau alleges that the tape was erased when it was scanned. A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")

Even the theft of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Here, the tape was provided by opposing counsel in

-6-

discovery. Kamau does not allege that they did not retain a copy for themselves and it would not be reasonable to infer that they did not. In fact, it is inconceivable that they sent their only copy of this evidence to a *pro se* inmate. Because this tape is replaceable, the destruction of his copy does not state a federal claim.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A.

**DATED:  August 15, 2007**                    /s/RUDY LOZANO, Judge
                                               **United States District Court**